UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TRENT COLEMAN,**

    **Petitioner,**

v.                                                                  Case No. 8:19-cv-1751-MSS-SPF

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    **Respondent.**
_____/

**O R D E R**

    Coleman petitions for a writ of habeas corpus under 28 U.S.C. § 2254 and challenges his state court convictions for armed burglary and robbery with a firearm. (Doc. 1) The Respondent asserts that the amended petition is time barred. (Doc. 16 at 7–15) After reviewing the petition, the response, and the relevant state court record (Doc. 17), the Court **DISMISSES** the petition as time barred.

**PROCEDURAL HISTORY**

    A jury found Coleman guilty of armed burglary and robbery with a firearm (Doc. 17-2 at 99–100), and the trial court sentenced Coleman as a prison releasee reoffender to concurrent sentences of life in prison. (Doc. 17-2 at 142–51) Coleman appealed, and the state appellate court affirmed. (Doc. 17-2 at 669) Coleman moved for post-conviction relief (Doc. 17-2 at 674–701), the post-conviction court denied relief (Doc. 17-2 at 1069–73), and the state appellate court affirmed. (Doc. 17-2 at 1194) Coleman's federal petition followed.

    In his federal petition, Coleman asserts that trial counsel deficiently performed by not calling Roy Hayhurst to testify at trial (Ground One), by not calling Harry Hunter to testify

1

at trial (Ground Two), by not retaining and calling a fingerprint expert to testify at trial (Ground Three), and by not requesting a limiting instruction clarifying the relevance of Coleman's prior convictions (Ground Four).

## ANALYSIS

A one-year statute of limitation applies to a federal habeas petition challenging a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period begins to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

On October 28, 2011, the state appellate court affirmed Coleman's convictions and sentences in a decision without a written opinion. (Doc. 17-2 at 669) Because the state supreme court lacked jurisdiction to review the unelaborated decision, Coleman could have sought further review only in the United States Supreme Court. *Bates v. Sec'y, Dep't Corrs.*, 964 F.3d 1326, 1329 (11th Cir. 2020); *Jenkins v. State*, 385 So. 2d 1356, 1359 (Fla. 1980). Coleman did not seek further review, and the time to seek further review expired ninety days after the state appellate court's affirmance — January 27, 2012. Sup. Ct. R. 13.1(1). The limitation period began to run the next day. Fed. R. Civ. P. 6(a)(1)(A). *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002).

"[A] properly filed application for State post-conviction or other collateral review" tolls the limitation period. 28 U.S.C. § 2244(d)(2). On July 3, 2012, Coleman placed in the hands of prison officials for mailing a properly filed motion for post-conviction relief. (Doc. 17-2 at 674–701) At that time, 157 days on the limitation period had run. The post-conviction court denied relief after an evidentiary hearing (Doc. 17-2 at 1069–73), Coleman appealed, and the state appellate court affirmed. (Doc. 17-2 at 1194) The limitation period continued to

toll until May 25, 2017, when the mandate on post-conviction appeal issued. (Doc. 17-2 at 1196) *Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000). The limitation period resumed the next day, continued to run for 208 days, and expired December 20, 2017. On July 15, 2019, Coleman placed in the hands of prison officials for mailing his federal petition. (Doc. 1 at 1) Consequently, his federal petition is untimely.

In his federal petition, Coleman calculates the timeliness of his petition as follows (Doc. 1 at 10):

> Petitioner was tried and found guilty of robbery with a firearm and armed burglary of a structure on August 17, 2010, and sentenced to life in prison on September 23, 2010. Timely direct appeal was filed in the Second District Court of Appeal in Case Number 2D10-4673. The appeal was denied on October 23, 2011. This commenced the ninety days for filing certiorari review to the United States Supreme Court under *Chavers v. Fla. Dep't Corrs.*, 468 F.3d 1273 (11th Cir. 2006). Six months later on July 9, 2012, petitioner initiated his post-conviction proceedings. The post-conviction appellate process continued through and was not finalized until October 12, 2018 in the Second District Court of Appeal Case Number 2D16-873. Mandate [issued] on February 6, 2019. [To] date, petitioner has twelve days remaining to timely file this petition under the AEDPA.

The record refutes Coleman's calculation. On October 28, 2011, the state appellate court affirmed Coleman's convictions and sentences. (Doc. 17-2 at 669) On July 3, 2012, Coleman filed his post-conviction motion. (Doc. 17-2 at 674) *Haag v. State*, 591 So. 2d 614, 617 (Fla. 1992). On May 25, 2017, the mandate issued in *Coleman v. State*, No. 2D15-5555 (Fla. 2d DCA), the post-conviction appeal. (Doc. 17-2 at 1196) Two-hundred-eight days remained on the limitation period when the mandate issued, and the limitation period expired December 20, 2017. Because Coleman filed his petition in 2019 (Doc. 1 at 10), his petition is untimely.

Coleman contends that the mandate issued on February 6, 2019 in *Coleman v. State*, No. 2D16-873 (Fla. 2d DCA). (Doc. 1 at 10) Judicially noticed records show that, in Case Number 2D16-873, Coleman appealed the denial of post-conviction relief in *State v. Coleman*, No. 09-CF-12343 (Fla. 13th Jud. Cir.). In this case, Coleman challenges the judgment and sentence in *State v. Coleman*, No. 09-CF-12342 (Fla. 13th Jud. Cir.). In Case No. 09-CF-12343, the prosecution arose from a robbery at a novelty store on July 10, 2009. *Coleman*, No. 8:19-cv-1926-VMC-SPF, ECF No. 7-2 at 200–10. In Case No. 09-CF-12342, the prosecution arose from a robbery and burglary at a dry cleaner on the same date. (Doc. 17-2 at 20)

In *Coleman v. Sec'y, Dep't Corrs.*, No. 8:19-cv-1926-VMC-SPF (M.D. Fla.), Judge Virginia Covington denied Coleman's Section 2254 petition challenging the judgment and sentence in Case Number 09-CF-12343. Records in No. 8:19-cv-1926-VMC-SPF show that the prosecutor separately charged Coleman with three counts of armed robbery, a jury found Coleman guilty of the three robberies, Coleman appealed, and on September 23, 2011, the state appellate court affirmed. *See Coleman v. State*, 84 So. 3d 1035 (Fla. 2d DCA 2011) (table). *Coleman*, No. 8:19-cv-1926-VMC-SPF, ECF No. 7-2 at 3–555.

On April 10, 2012, Coleman separately moved for post-conviction relief in Case No. 09-CF-12343, the post-conviction court denied relief, and the state appellate court affirmed in Case Number 2D16-873. *Coleman*, No. 8:19-cv-1926-VMC-SPF, Doc. 7-3 at 2–22, 83–87, 101–27. The mandate in Case Number 2D16-873 issued on February 6, 2019.

In the post-conviction motion in Case No. 09-CF-12343, Coleman did not assert a claim that challenged the judgment and sentence in Case No. 09-CF-12342. He instead raised eleven ineffective assistance of counsel claims and a cumulative error claim. *Coleman*, No. 8:19-cv-1926-VMC-SPF, ECF No. 7-2 at 2–22. The attorney who represented Coleman

4

at trial in Case Number 10-CF-12343 did not represent Coleman at trial in Case Number 10-CF-12342. (Doc. 17-2 at 331) *Coleman*, No. 8:19-cv-1926-VMC-SPF, ECF No. 7-2 at 180.

The post-conviction court held an evidentiary hearing on the post-conviction motions in both cases. (Doc. 17-2 at 1076) At the hearing, Coleman and counsel who represented Coleman in Case No. 09-CF-12343 first testified about the claims that he raised in that case. (Doc. 17-2 at 1081–99) Coleman and counsel who represented Coleman in Case No. 09-CF-12342 separately testified about the claims that he raised in that case. (Doc. 17-2 at 1099–1114) The post-conviction court entered an order denying post-conviction relief in Case No. 09-CF-12342 on October 23, 2015 (Doc. 17-2 at 1069–72) and a separate order denying post-conviction relief in Case No. 09-CF-12343 on January 16, 2019. *Coleman*, No. 8:19-cv-1926-VMC-SPF, ECF No. 7-3 at 83–87.

In this case, the trial court sentenced Coleman as a prison releasee reoffender after determining that the prison released Coleman on March 24, 2009, and that Coleman committed the crimes on July 10, 2009. (Doc. 7-2 at 146, 149, 168) Section 775.082(9)(a)(3), Florida Statutes, required the trial court to impose life sentences for both convictions. The trial court imposed the life sentences for the convictions in this case concurrently with the sentences for the convictions in Case Number 10-CF-12343. (Doc. 17-2 at 150) The trial court did not rely on Coleman's convictions in Case Number 10-CF-12343 to enhance Coleman's sentences in this case. Consequently, the post-conviction motion in Case No. 09-CF-12343 did not toll the limitation period.

*Godfrey v. Dretke*, 396 F.3d 681, 687 (5th Cir. 2005), persuasively supports this conclusion. In *Godfrey*, 396 F.3d at 683, the habeas petitioner challenged his burglary conviction and asserted that the trial court erroneously enhanced his sentence with "expired"

5

prior convictions. The habeas petitioner argued that his federal petition was timely because his post-conviction motion challenging the "expired" prior convictions tolled the limitation period under Section 2244(d)(2). *Godfrey*, 396 F.3d at 683–84. The court of appeals rejected the petitioner's argument because the post-conviction motion did not challenge the trial court's use of the "expired" prior convictions to enhance the burglary sentence; the post-conviction motion instead challenged the "expired" prior convictions themselves. *Godfrey*, 396 F.3d at 687. Because the post-conviction motion challenged a different judgment, the court of appeals determined that the post-conviction motion did not toll the limitation period. *Godfrey*, 396 F.3d at 687. *See* 28 U.S.C. § 2244(d)(2) (authorizing tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review **with respect to the pertinent judgment** or claim is pending") (bolding added).

Because the post-conviction motion in Case No. 09-CF-12343 did not raise a claim that challenged the judgment in this case, the post-conviction motion in Case No. 09-CF-12343 did not toll the limitation period under Section 2244(d)(2). Consequently, Coleman's petition is untimely.[1]

Accordingly, it is **ORDERED** that Coleman's petition (Doc. 1) is **DISMISSED** as time barred. The Clerk is **DIRECTED** to enter a judgment against Coleman and **CLOSE** this case.

---

[1] Coleman does not assert that either the limitation period equitably tolled or that a miscarriage of justice excused the time bar. *See Holland v. Florida*, 560 U.S. 631 (2010); *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

## DENIAL OF CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED *IN FORMA PAUPERIS*

Because Coleman neither makes a substantial showing of the denial of a constitutional right nor demonstrates that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues that he seeks to raise, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**DONE AND ORDERED** in Tampa, Florida on November 29, 2023.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

7